IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JESUS GUTIERREZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:09-cv-00301 |
| | § | |
| FDIC, AS RECEIVER FOR | § | |
| WASHINGTON MUTUAL BANK, | § | |
| | § | |
| Defendant. | § | |

<u>SUPPLEMENTAL COMPLAINT</u>

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE RANDY CRANE:**

Jesus Gutierrez comes now and files this Supplemental Complaint. This Supplemental Complaint asserts claims against JP Morgan Chase Bank, as successor to Washington Mutual Bank. Plaintiff states the following.

<u>Facts</u>

Plaintiff Jesus Gutierrez had a mortgage with Washington Mutual Bank. Upon information and belief, Plaintiff paid off his mortgage. Plaintiff also had an escrow account in connection with the mortgage. Washington Mutual indicated that the escrow monies would be returned, but it did not return them. This money has not ever been returned to Plaintiff Jesus Gutierrez.

Washington Mutual nevertheless foreclosed on the home. No money was returned to Plaintiff Jesus Gutierrez.

The FDIC has indicated that it did not receive any of the proceeds of the escrow account or of the mortgage payment, and that the account they took control of did not have any of the

<u>PLAINTIFF'S SUPPLEMENTAL COMPLAINT</u> – Page 1

money credited to it. The monies received from Jesus Gutierrez, including the pre-existing escrow account, are therefore assets of Washington Mutual, deposited or held in trust elsewhere.

Washington Mutual went into receivership.

Upon information and belief, assets and accounts, including active accounts, were assumed or transferred to JP Morgan Chase Bank. JP Morgan Chase Bank has not accounted for these funds or returned any of the money.

The mortgage monies paid and held and the escrow funds should be returned.

Causes of Action

To the extent that JP Morgan Chase Bank may have assumed the account pertaining to this mortgage, then the claims in the Original Petition may be valid against them, and they are hereby put on notice that if they assumed the mortgage account in its entirety, then the claims asserted by Plaintiff Jesus Gutierrez in his Original Petition may be valid against them and may be asserted against them. Discovery will yield this information, upon information and belief.

JP Morgan Chase's failure and refusal to return any of the aforementioned funds constitutes a breach of contract, a breach of fiduciary duty, and a violation of the Texas Deceptive Trade Practices Act. The elements of these causes of action are set forth in the Original Petition, and they are incorporated here by reference.

Supplemental Party

JP Morgan Chase Bank may be served by service of this Supplemental Complaint upon its registered agent for service of process. This paperwork will be undertaken and service timely effected in the immediate future. A true and correct copy of the Court's Orders, including the Case Management / Scheduling Order will be forwarded to the Defendant as well.

Venue and Jurisdiction

Venue is proper in this forum because the claims and causes of action arose in whole or in substantial part in Hidalgo County, Texas. The real estate and home forming the basis of the mortgage at issue is in Hidalgo County, Texas. Hidalgo County, Texas is in the Southern District of Texas, McAllen Division. The Court having jurisdiction over the claims against the FDIC has jurisdiction over these claims because they arise out of the same transaction or occurrence. They involve a common nucleus of operative facts. These claims are thus joined in this action, as the Court was advised and reiterated at the Joint Case Management Conference.

Conditions Precedent

All conditions precedent to the filing and maintenance of these claims and to recovery on them have been performed, have occurred or have been met -- or they have been excused.

Summary and Relief Sought

WHEREFORE, premises considered, the Plaintiff Jesus Gutierrez seeks that he recover on these claims and causes of action, and that judgment be entered in his favor for actual damages, punitive or exemplary damages, or alternatively additional damages under the DTPA. Plaintiff also seeks recovery of his attorneys fees under the Texas DTPA and the Texas Declaratory Judgments Act (determination of rights and obligations under the contract) and seeks recovery of costs of court and attorneys fees. Plaintiff seeks all such other and further relief, general or special, at law or in equity, to which he shows himself entitled.

Respectfully submitted,

**DAVID K. WILLIAMS**

**David K. Williams**

        Southern District of Texas ID No. 10010
        Texas State Bar No. 21524300
        201 E. University Drive
        Edinburg, Texas 78539
        Preferred phone:  (956) 212-8415
        Office:  (956) 386-1900
        Fax:     (956) 386-1922

**ATTORNEY IN CHARGE FOR
PLAINTIFF, JESUS GUTIERREZ**

### Certificate of Service

       I hereby certify that on this 5th day of March, 2010, I served a true and correct copy of the Supplemental Complaint upon the attorneys of record for the Defendant. This was accomplished pursuant to the Federal Rules of Civil Procedure and the local rules pursuant to the ECF system. A true and correct copy was thereby transmitted, upon information and belief, to:

Dawn Estes
Texas Bar No. 14251350
Michele C. Spillman
Texas Bar No. 24046889
Taber Estes Thorne & Carr PLLC
3500 Maple Avenue, Suite 1100
Dallas, Texas 75219
214-599-4000

                                         */s/ David K. Williams*
                                         David K. Williams